Defendant-appellant Keith Alan Ward appeals the May 8, 2000 Judgment Entry of the Fairfield County Court of Common Pleas, which denied appellant's motion to terminate post-release control. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
On October 10, 1997, appellant was indicted with two counts of trafficking in crack cocaine, in violation of R.C. 2925.03(C)(4)(c). On January 20, 1998, appellant plead guilty to count one of the indictment. The trial court dismissed count two. In a January 21, 1998 Judgment Entry, the trial court sentenced appellant to eighteen months in prison. The Judgment Entry also noted: the court further notified the defendant that post-release control is mandatory in this case up to a maximum of three years, as well as the consequences for violating conditions of post-release control imposed by the parole board under Revised Code Section 2967.28. The defendant is ordered to serve as part of this sentence any term of post-release control imposed by the parole board, and any prison term for violation of that post-release control.
Judgment Entry at 2-3.
Appellant served his full term of incarceration and was released on April 25, 1999. The Adult Parole Authority (hereinafter "APA") placed appellant on post-release control for a period of three years. On July 14, 1999, appellant was arrested for violating the terms of his post-release control. As a result, the APA ordered appellant's be incarcerated for an additional sixty days. Appellant was released again on October 30, 1999. Appellant failed to report to his post-release control officer; therefore, was labeled a parole violator at large. On January 14, 2000, appellant was arrested on a charge of auto theft. However, appellant was not permitted to post bail on the criminal charge due to the APA holder for the alleged post-release control violation. On February 16, 2000, appellant filed a Motion to Terminate Post-Release Control and for an immediate discharge from detention imposed by the APA pursuant to R.C. 2967.28. The trial court took the matter under advisement, pending the ruling of the Ohio Supreme Court in the case of State ex rel. Bray v. Russell (2000), 89 Ohio St.3d 132. On March 30, 2000, appellant filed a second motion for relief while the trial court awaited the outcome of the referenced action. In a May 8, 2000 Judgment Entry, the trial court overruled both of appellant's motions. It is from this Judgment Entry appellant prosecutes his appeal, assigning the following error:
 THE TRIAL COURT COMMITTED ERROR WHEN IT OVERRULED THE APPELLANT'S MOTION TO TERMINATE POST RELEASE CONTROL AND FOR IMMEDIATE DISCHARGE FROM DETENTION IMPOSED BY THE OHIO ADULT PAROLE AUTHORITY AND BY ITS REFUSAL TO RULE ON THE CONSTITUTIONALITY OF R.C. 2967.28(D)(1).
 I
In appellant's sole assignment of error, he maintains the trial court erred in overruling his motion to terminate post-release control. Appellant's argument is divided into three parts. First, appellant maintains he properly raised his constitutional challenge to R.C. 2967.28
in the trial court. Next, appellant maintains R.C. 2967.28 violates the constitutional doctrine of separation of powers; therefore, is unconstitutional. Finally, appellant argues R.C. 2967.28 was violative of his constitutional rights to substantive and procedural due process. We agree with appellant his constitutional challenge to R.C. 2967.28 was properly raised in the trial court. Notwithstanding our agreement with appellant's first contention, we overrule appellant's sole assignment on the authority of State v. Woods (2000), 89 Ohio St.3d 504. See, also State v. Hopkins (Nov. 27, 2000), Stark App. Nos. 2000CA00053 and 2000CA00054, unreported. The May 8, 2000 Judgment Entry of the Fairfield County Court of Common Pleas is affirmed.
 ______________ Hoffman, J.
Gwin, P.J. and Reader, V.J. concur